This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38209

**RAUL A. CANO C.,**

Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE RISK MANAGEMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Raul A. Cano C.
Albuquerque, NM

Pro Se Appellant

Esteban A. Aguilar, Jr., City Attorney
Kristin J. Dalton, Managing Assistant City Attorney
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from the district court's order granting Defendant's motion for judgment on the pleadings. In this Court's notice of proposed disposition, we proposed summary affirmance and directed Plaintiff "to explain to this Court how and why the district court committed reversible error by pointing to specific errors in law with the proposed disposition." [CN 5-6] Plaintiff filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In his MIO, Plaintiff continues to argue that he has evidence police damaged his property, injured him, threatened him in front of his family, and damaged his parents' property. [MIO 1] Plaintiff has not asserted any law or argument, and has not otherwise persuaded us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiff to our analysis therein.

**{3}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{4}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**